UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VICTOR'S CAFÉ 52ND STREET, INC., et al.,

                                                  **Plaintiffs,**

                     -against-

**THE TRAVELERS INDEMNITY COMPANY
OF AMERICA,**

                                                  **Defendant.**

-----------------------------------------------------------------X

22-CV-07223 (ALC)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      Defendant moves to compel Plaintiffs Victor's Café 52nd Street Inc. and Victor's Café, Inc. d/b/a Victor's Café ("Plaintiffs") to participate in an appraisal of an insurance claim and to stay this action pending the outcome of the appraisal. Defendant also asks the Court to direct Plaintiffs to appoint an appraiser who is "competent and impartial." ECF No. 22 at 1. Plaintiffs oppose all relief, asserting that Defendant has waived its right to demand an appraisal and that the motion to disqualify Plaintiffs' appraiser is premature. ECF No. 25. The Court GRANTS Defendant's motion in part.

## BACKGROUND

      This action follows a fire at Plaintiffs' restaurant, which is insured by Defendant's property insurance policy. Plaintiffs submitted a claim seeking to recover a loss of business income and extra expenses, which Defendant denied on July 25, 2022. The parties continue to disagree as to whether Plaintiffs sustained these losses. Plaintiffs subsequently filed this lawsuit on July 22, 2022. Four months later, Defendant sent Plaintiffs a letter requesting an appraisal. Plaintiffs rejected this demand, claiming that Defendant waived the right to do so because it

failed to engage in good-faith negotiations. Defendant subsequently moved to compel appraisal, which Plaintiffs oppose for the same reasons.

## DISCUSSION

### I.      Motion to Compel Arbitration

Plaintiffs' property insurance policy allows for either party to "make written demand for an appraisal of the loss" in the event the parties disagree on the extent or amount of loss or damage. ECF No. 24, Ex. 1 at 75. Each party must then select a "competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand." Id. If the parties fail to proceed with the appraisal after a written demand, the policy allows either party "to apply to a court having jurisdiction for an order directing [the objecting party] to comply with the demand for the appraisal." Once this order issues, each party will select a "competent and impartial appraiser" within 20 days. Id. The policy is silent on when a party may demand appraisal.

#### A.      Jurisdiction

As a preliminary matter, this Court has jurisdiction to compel appraisal. The insurance policy provisions are part of an endorsement that modifies the policy's Businessowners Property Coverage Special Form. Id. Under N.Y. CPLR § 7601, "[a] special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or controversy be determined by a person named or to be selected." Courts can enforce these agreements "as if [they] were an arbitration agreement," except if they are contained in the standard fire policy insurance of the state. Id. Though fire damage underlies Plaintiffs' claim, the appraisal provision invoked in this motion appears to be part of Plaintiffs' general property insurance policy and are enforceable under New York law. "Thus, in a diversity case [such as this], the contractual right to submit a factual dispute to an appraiser . . . . is one that the federal

courts are required to enforce. . . ." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties LLC, No. 01-CV-9291 (JSM), 2002 WL 1905968, at *2 (S.D.N.Y. Aug. 19, 2002).

### B.     Waiver of Appraisal Demand

"[N]otwithstanding the policies' silence on a time limit for the appraisal demand, New York recognizes that the right to require an appraisal 'is not indefinite as to time, but must be exercised within a reasonable period.'" Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 199 (2d Cir. 2012) (quoting Chainless Cycle Mfg. Co. v. Sec. Ins. Co., 169 N.Y. 304, 310, 62 N.E. 392 (1901)). When determining the timeliness of an appraisal demand, courts can consider "(1) whether the appraisal sought is 'impractical or impossible' (that is, whether granting an insurer's appraisal demand would result in prejudice to the insured party); (2) whether the parties engaged in good-faith negotiations over valuation of the loss prior to the appraisal demand; and (3) whether an appraisal is desirable or necessary under the circumstances." Id. at 201 (quotations omitted). Underlying this framework is an understanding that "New York public policy favors an appraisal proceeding over a trial on damages, and under New York law, waiver of the right to an appraisal is not lightly inferred." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC, No. 01-CV-9291 (JSM), 2004 WL 2979790, at *3 (S.D.N.Y. Dec. 1, 2004).

Plaintiffs have failed to demonstrate that they will be prejudiced by the appraisal process. To the extent Plaintiffs argue that they will be prejudiced by the two years and four months between the property fire and the appraisal demand, this argument is unconvincing. This is a loss of business claim. There are no allegations that business records have become lost because of delay, and the damaged property was not removed, destroyed, or repaired in a way that would render appraisal impractical. See SR Int'l Bus., 2004 WL 2979790, at *3. Moreover, at least eight months of delay were caused by Plaintiffs' inaction. ECF No. 23, Ex. 5 at 6.

Contrary to Plaintiffs' assertions, the parties have also engaged in good faith negotiations. Defendant issued payments to Plaintiffs for their damage to Business Personal Property claim. ECF No. 23, Ex. 2 at ¶ 7. Over two weeks in November and December 2020, the parties engaged in a robust back-and-forth to evaluate and determine Plaintiffs' claimed Business Income Losses, the basis for this dispute. See ECF No. 23, Ex. 5. Plaintiffs indicated they intended to pursue a Business Income Loss claim and after multiple inquiries from Defendant, formally submitted documentation eight months later in December 2021. Id., Ex. 6. Plaintiffs filed this action in July 2022, three days before Defendant formally denied their Business Income Loss claim. In their denial letter, Defendant expressly indicated that it did not waive any rights it may have under the insurance policy and would "carefully consider any new or additional information." ECF No. 24, Ex. 5. Plaintiffs assert that Defendant should have made an appraisal demand before denying the claim, and that the parties had not negotiated in months. Yet by filing this litigation before the formal denial of their claim, Plaintiffs effectively precluded any good-faith negotiations the parties might have had. While "a party's appraisal demand in the midst of negotiations is likely to be timely," an appraisal demand made by Defendant after Plaintiffs decided to conclude good-faith negotiations cannot be found to be untimely. Amerex Grp., 678 F.3d at 203.

Having engaged in negotiations for at least a year before Plaintiffs filed this action, the parties have reached a point where "delays and disparity in valuation are most efficiently addressed through the appraisal process." Peck v. Planet Ins. Co., No. 93-CV-4961 (MBM), 1994 WL 381544, at *3 (S.D.N.Y. July 21, 1994). When determining whether appraisal is desirable, courts consider "whether the appraisal is likely to facilitate a speedier resolution of the dispute than would occur in the district court proceeding; the expected expertise of an appraisal panel in making its valuation determinations; and the complexity of the valuation." Amerex Grp.,

678 F.3d at 203. The "widely differing valuations of lost business income advanced by each party . . . suggest that determining the valuation of [Plaintiffs'] loss is highly technical and time consuming." Id. Moreover, because this is a case where only the amount of Plaintiffs' remaining property claim is at issue, New York public policy favors appraisal over a trial on damages.

For these reasons, the Court GRANTS Defendant's motion to compel appraisal.

## II.     "COMPETENT AND IMPARTIAL" APPRAISER

Plaintiffs' insurance policy provides that, in the event of a court order compelling appraisal, "each party will select a competent and impartial appraiser" and notify each of other of the appraiser within 20 days. ECF No. 24, Ex. 1 at 75. Because this Court must enforce this agreement as an arbitration agreement, N.Y. CPLR § 7601, N.Y. CPLR § 7504 governs whether a Court can appoint an arbitrator. The parties are reminded that "if the [insurance policy's] agreed method [of appointment of an arbitrator] fails or for any reason is not followed," the Court, on application of a party, can appoint an arbitrator. N.Y. CPLR § 7504.

To the extent Defendant makes an application to disqualify the appraiser Plaintiffs identified in their March 31, 2023 letter to Defendant, ECF No. 15, Ex 1, the Court denies this request without prejudice. The parties are directed to adhere to the insurance policy's provision to select a "competent and impartial appraiser." If either party believes that the insurance policy's method for selecting an arbitrator fails or is not followed, they may make an application to the Court.

## CONCLUSION

The Court GRANTS Defendant's motion to compel appraisal.

Pursuant to the insurance policy, each party is ORDERED to select a competent and impartial appraiser and notify the other of their selected appraiser within 20 days of this order. The parties shall file a status letter with the Court within 28 days of this order.

The Court STAYS this action pending the outcome of the appraisal.

The Clerk of Court is requested to terminate the motion at ECF No. 21.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:       May 22, 2023
             New York, New York

6