UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VICTOR'S CAFÉ 52ND STREET, INC., et al.,

                              Plaintiffs,

          -against-

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA,

                              Defendant.

-----------------------------------------------------------------X

22-CV-07223 (ALC)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       Defendant moves to appoint an appraiser pursuant to N.Y. CPLR § 7504 to resolve the parties' ongoing dispute of a property insurance claim. Plaintiffs oppose all relief, asserting that Defendant's motion is improper and premature.

## BACKGROUND

       This action follows a fire at Plaintiffs' restaurant, which is insured by Defendant's property insurance policy. The parties disagree as to whether Plaintiffs sustained loss of business income and extra expenses in the fire. To facilitate a resolution of this matter, the Court granted Defendant's motion to compel appraisal and ordered each party to select an appraiser as outlined in the parties' insurance policy. ECF No. 26.

       The policy requires "each party [to] select a competent and impartial appraiser and notify the other of the appraiser within 20 days of [the Court's] order." ECF No. 24, Ex. 1 at 26. Defendant selected Andrew T. Clark of Meaden & Moore and Plaintiffs selected David Zweighaft of RDZ Forensic Associates. ECF No. 27. Mr. Zweighaft is the forensic accountant

who analyzed Plaintiffs' books and records and prepared their original loss of business income claim.

Following the selection of two appraisers, the property insurance policy requires the two selected appraisers to select an umpire. ECF No. 24, Ex. 1 at 76. If the parties "cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction." Id. Each appraiser will then "state separately the value of the property, the extent of the loss or damage and the amount of the loss or damage." Id. In the event of a disagreement, the appraisers will submit their differences to the umpire and a "decision agreed to by any two will be binding." Id.

At this time, the two appraisers have yet to select an umpire. Instead, Defendant claims that Mr. Zweighaft is incapable of serving as a "competent and impartial appraiser" because he prepared the original claim that is subject to challenge. As such, it has moved to appoint an appraiser pursuant to N.Y. CPLR § 7504. ECF No. 30. Plaintiffs oppose this relief on the grounds that Mr. Zweighaft's prior analysis does not, as a matter of law, disqualify him as competent and impartial.

## DISCUSSION

As previously established, the Court must enforce this agreement as an arbitration agreement, N.Y. CPLR § 7601, and N.Y. CPLR § 7504 governs whether a Court can appoint an arbitrator. N.Y. CPLR § 7504 provides:

> If the arbitration agreement does not provide for a method of appointment of an arbitrator, or if the agreed method fails or for any reason is not followed, or if an arbitrator fails to act and his successor has not been appointed, the court, on application of a party, shall appoint an arbitrator.

Defendant has failed to demonstrate that the agreed upon method of appointment of an appraiser has failed or was not followed by either party. Both parties selected an appraiser within

the designated time and notified the other of their selection. The Court declines to find that Mr. Zweighaft's role in this dispute disqualifies him as Plaintiffs' selected appraiser. See generally 70A N.Y. Jur. 2d Insurance § 2272 (2023) (the "mere fact" that an appraiser previously "made a computation of the loss[] does not, as a matter of law, disqualify such appraiser").

Finally, the process to designate an umpire is separate from the appraiser selection process. As such, the appraisers' failure to select an umpire does not constitute a failure of the appraiser appointment process, and CPLR § 7504 is not triggered.

Accordingly, Defendant's motion is DENIED. The parties are directed to select an umpire and proceed with the appraisal process as outlined in the insurance policy. If they are unable to do so within the appointed time, either party may request that a selection be made by the Court.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 29.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   July 31, 2023
         New York, New York