# Law Office of Craig A. Blumberg

Fifteen Maiden Lane
20th Floor
New York, New York 10038-4003

TELEPHONE (212) 346-0808
TELECOPIER (212) 346-0777

<u>Long Island Office</u>
393 JERICHO TURNPIKE
2nd FLOOR
MINEOLA, NEW YORK 11501

November 3, 2023

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: Victor's Café 52nd Street, Inc. v. Travelers Indemnity
         Our File No.: 2848.01
         <u>Docket No.: 1:22-cv-07223-ALC-SN</u>

Dear Judge Netburn:

  We represent the plaintiffs in this matter. This letter is submitted in accordance with Your Honor's Order dated October 27, 2023 directing the parties to submit simultaneous letters addressing whether the Court has jurisdiction to select an umpire.

  As stated in our previously submitted Memorandum of Law, New York Insurance Law §3404, as it affects the instant policy, provides for appraisal as a method for resolution. It states:

> Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

New York Insurance Law §3408 states:

> § 3408. Fire insurance; appraisal of loss; procedure for selection of umpire on failure to agree. (a) Whenever application shall be made for the selection of an umpire pursuant to the provisions relating to appraisals contained in the standard fire insurance policy of the state of New York it shall be made to a justice of the supreme court residing in the county or to a county judge of the county in which the lost or damaged property is or was located. The application shall be on five days' notice in writing to the other party. Any such notice in writing, when served by the insured, may be served upon any local agent of the insurer.
>
> (b) The court shall, on proof by affidavit of the failure or neglect of the appraisers to agree upon and select an umpire within the time provided in such policy, and of the service of notice pursuant to subsection (a) hereof, forthwith appoint a competent and disinterested person to act as such umpire in the ascertainment of the amount of such loss or damage.
>
> (c) In the event of a covered loss, whenever an insured or insurer fails to proceed with an appraisal upon demand of the other, either party may apply to the court in the manner provided in subsection (a) of this section for an order directing the other to comply with such demand. An appraisal shall determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage which shall be determined as specified in the policy and shall proceed pursuant to the terms of the applicable appraisal clause of the insurance policy and not as an arbitration. Notwithstanding the provisions of this subsection, an appraisal shall not determine whether the policy actually provides coverage for any portion of the claimed loss or damage.

New York Insurance Law §3408 specifically states that an application to appoint an umpire shall be made to a justice of the Supreme Court residing in the county or to a county judge of the county in which the loss or damaged property is or was located.

Plaintiff initially commenced this action in New York State Supreme Court, County of New York on July 22, 2022. Defendant promptly removed this case to the Southern District, then by letter dated November 14, 2022, demanded an appraisal. Following plaintiffs' objection to the appraisal, this Court ordered that the appraisal proceed in accordance with the applicable policy provisions. If defendant still wants to proceed with the appraisal, it should be their burden to commence the proper action in state court at their expense.

While we found to precedent directly on point, the jurisdiction question was addressed by the court in *In re Piesco et al.*, 252 A.D. 887, 252 A.D. 887 (2nd Dept. 1937). In that case the court held, "The property upon which loss and damage occurred was located in Rockland county. The mortgagees, by an order to show cause, brought on the motion to appoint an umpire at a Special Term held in Dutchess county. The presiding justice was not a resident of Rockland county. An order was granted appointing an umpire in the town where the loss occurred, and no complaint is made as to his competency, fairness, and impartiality. This appeal is based on the theory that the statute must control over the provisions of the policy. Without doubt that contention is correct, and the court should have declined jurisdiction if the question had been raised.

Plaintiff, however requests that discovery resume in this case so as not to further delay resolution of this matter.

Respectfully,

LAW OFFICE OF CRAIG A. BLUMBERG

By: *Craig A. Blumberg*
Craig A. Blumberg

cc:
Robinson & Cole (via ECF)