UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

VICTOR'S CAFÉ 52ND STREET, INC., et al.,

                               Plaintiffs,

            -against-

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA,

                               Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2025

22-CV-07223 (ALC)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE ANDREW L. CARTER, JR.:**

        The Travelers Indemnity Company of America ("Defendant") moves to confirm the appraisal award and dismiss this action with prejudice. Victor's Café 52nd Street, Inc. and Victor's Café, Inc., doing business as Victor's Café ("Plaintiffs"), allege that the appraisal award should not be confirmed because it was the result of "corruption, fraud or misconduct." I recommend that the Defendant's motion to confirm the appraisal award be granted and that the action be dismissed with prejudice.

### FACTUAL AND PROCEDURAL HISTORY

        After a fire at Plaintiffs' restaurant, Plaintiffs submitted a claim for lost business income and extra expenses through their insurance policy issued by Defendant (the "Policy"). Defendant denied the claim and Plaintiffs filed this lawsuit. Defendant then moved to compel appraisal pursuant to the Policy and under section 3408(c) of New York Insurance Law. ECF No. 21. Upon granting the motion to compel, Defendant named Andrew Clark as appraiser, and Plaintiffs named David Zweighaft as an appraiser. ECF Nos. 26, 27. After the Court denied Defendant's

challenge to Plaintiffs' selection of appraiser, Andrew Clark was named the appraiser ("Appraiser Clark"). The Court also directed the parties to select an umpire. The parties were unable to agree on an umpire and were granted leave to file a motion to appoint an umpire in state court. ECF No. 53. The state court appointed Al Wolochuck as umpire ("Umpire Wolochuck"). ECF No. 56-1. On November 26, 2024, the appraisal panel issued its award, with Umpire Wolochuck and Appraiser Clark concluding that Plaintiffs are entitled to $0.00 for any business income loss sustained. ECF No. 68-5.

## DISCUSSION

### I. Legal Standard

Under New York law, an appraisal is to "determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage which shall be determined as specified in the policy." N.Y. Ins. Law § 3408(c). The appraisal "shall proceed pursuant to the terms of the applicable appraisal clause of the insurance policy and not as an arbitration." Id.

The Court of Appeals has held that "[a]n appraisal determination should be upheld in the absence of fraud, bias or bad faith," and that "to set aside an appraisal, such a showing must be made by clear and convincing evidence." Zarour v. Pacific Indemnity Co., No. 23-1103-cv, 2024 WL 3289423, at *2 (2d Cir. July 3, 2024) (internal quotation marks omitted). Courts are empowered to review an appraisal for evidence of fraud, bias, or bad faith. See Silverstein v. XL Specialty Ins. Co., No. 15-cv-6818 (VEC), 2016 WL 3963129, at *5 (S.D.N.Y. July 21, 2016) ("An appraisal award should be upheld unless there is clear and convincing evidence that the appraiser rendered the award in bad faith without sufficient thoroughness or based on bias or fraud."); Johnson Kirchner Holdings, LLC v. Galvano, 150 A.D.3d 1001 (2d Dep't 2017) ("purported factual errors and conflicting expert opinion presented by the appellant were

insufficient to make the requisite showing for rejection of the challenged appraisal."); Sinclair Wyoming Ref. Co. v. Infrassure, Ltd, 970 F.3d 1317, 1324 (10th Cir. 2020) ("Absent a showing of fraud, bias, bad faith, misconduct, or a failure on behalf of the appraisers to abide by the governing contract, courts will not set aside an appraisal award.").

Generally, "where an appraisal stays within its statutory and contractual limits, it is 'entitled to every reasonable intendment and presumption of validity.'" Coral Crystal, LLC v. Fed. Ins. Co., No. 17-cv-1007 (LTS)(BCM), 2020 WL 5350306, at *5 (S.D.N.Y. Sept. 3, 2020) (quoting Glicksman v. N. River Ins. Co., 86 A.D.2d 760 (4th Dep't 1982)). "In such cases 'appraisal awards receive deferential judicial review that is similar—but not identical—to the standard of judicial review for arbitration awards.'" Id. (quoting Silverstein, 2016 WL 3963129, at *5).

## II. Application

Defendant moves for the Court to confirm the appraisal award of $0.00 on the basis that (1) Umpire Wolochuck and Appraiser Clark complied with the relevant regulations and Plaintiffs' Policy; and (2) compliance was without "any semblance of fraud, bias, or bad faith." ECF No. 69 at 9. Plaintiffs argue that the appraisal award should be rejected because (1) the appointment of the umpire was improper, and (2) the appraisal award was the result of "fraud, duress, and/or bad faith."[1] ECF No. 71.

### A. The Appointment of Umpire Wolochuck Did Not Contravene the Law

New York Insurance Law § 3408(a) provides "[w]henever application shall be made for the selection of an umpire pursuant to the provisions relating to appraisals contained in the

---

[1] Plaintiffs misidentify the relevant standard as "fraud, *duress*, or bad faith." The proper standard to determine whether to uphold an appraisal award is whether the appraisal is the result of "fraud, *bias*, or bad faith."

standard fire insurance policy of the state of New York it shall be made to a justice of the supreme court residing in the county or to a county judge of the county in which the lost or damaged property is or was located." The umpire-selection provision in Plaintiffs' Policy is the same, in substance, as the relevant provision in New York's standard fire insurance policy. N.Y. Ins. § 3404(e).

When they were unable to agree, the parties were directed to apply for the selection of an umpire to "a justice of the supreme court residing in the county or to a county judge of the county in which the lost or damaged property is or was located." N.Y. Ins. § 3408(a). The parties filed a motion to appoint an umpire in the Supreme Court of the State of New York, New York County. Justice Lyle E. Frank appointed Alexander P. Wolochuck as umpire. ECF No. 56-1.

Plaintiffs now urge the Court not to confirm the appraisal because Umpire Wolochuck was one of the five nominees that Defendant put forward to the state court. Plaintiffs do not articulate a specific basis for a finding of fraud, bias, or bad faith in the state court's decision to appoint Umpire Wolochuck. It is not uncommon for a state court to appoint an umpire proposed by one party. See Milano v. State Farm Fire & Cas. Co., No. 20-cv-179 (RPK)(RER), 2021 WL 1723251 (E.D.N.Y. Apr. 29, 2021) (after the parties could not agree on an umpire, the state court appointed one proposed by defendant after considering each party's relevant objections). Justice Frank appointed Umpire Wolochuck after receiving Plaintiffs' cross motion, which contested Defendant's candidates and proposed alternative umpires. See Pls.' Cross Motion to Appoint an Umpire, ECF No. 73- 1. Without any evidence, much less evidence that is clear and convincing, Plaintiffs have not demonstrated that the appointment of Umpire Wolochuck was the result of fraud, bias, or bad faith.

### B. Plaintiffs Offer No Clear and Convincing Evidence of Fraud, Bias, or Bad Faith by Umpire Wolochuck and Appraiser Clark

Plaintiffs additionally argue that the appraisal award should not be confirmed because of "fraud, duress, or bad faith" and instead asks the Court to allow for further discovery. See ECF No. 71 at 7 (Plaintiffs are "confident that ample evidence of misconduct will be uncovered, warranting the vacatur of the appraisal award").

Plaintiffs fail to identify any evidence of fraud, bias, or bad faith that would warrant further delay. The only attempt is by contrasting Plaintiffs' forensic accountant's business income loss calculation of $1,019,378, and Umpire Wolochuck's calculation of $0.00. However, claiming fraud, bias, or bad faith based on the difference in valuation of business income loss between an appointed umpire and independent evaluator, without any other evidence, is purely "speculative." Zarour, 2024 WL 3289423, at *2 (finding "speculative" plaintiffs' primary argument that an appraisal award was the result of fraud, bias, or bad faith due to the "disparity between the appraisal award of $5,016.80 . . . and the [plaintiffs'] appraiser's estimate of $731,317.07").

Accordingly, the Court is unable to identify clear and convincing evidence of fraud, bias, or bad faith that resulted in the conclusion that Plaintiffs suffered $0.00 in business income loss.

## CONCLUSION

Plaintiffs have not demonstrated by clear and convincing evidence that the appraisal award was the result of fraud, bias, or bad faith. Accordingly, I recommend that the Court confirm the appraisal award. Should the Court confirm the appraisal award, I further recommend

5

dismissing the action with prejudice because the confirmation of the appraisal award resolves the remaining claims in the action.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     April 7, 2025
               New York, New York

\*        \*        \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Andrew L. Carter, Jr. if required by that judge's Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Carter. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).